UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KINLEY MACDONALD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:22-cv-00304-JAW |
| | ) | |
| CUMBERLAND COUNTY SHERIFF, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

### RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT

Plaintiff alleges various grievances she has with the conditions at the Cumberland County Jail, where she is evidently a pretrial detainee. (Complaint, ECF No. 1; Amendments, ECF Nos. 13, 15, 25.) Plaintiff's complaint is subject to a preliminary review "before docketing, if feasible or … as soon as practicable after docketing," because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint.

### LEGAL STANDARD

The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard." *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013); s*ee also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

The Eighth Amendment, which prohibits cruel and usual punishments, governs the jail's obligation regarding the conditions of confinement for sentenced inmates, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while individuals are in pre-trial custody. *See City of Revere v. Massachusetts Gen. Hosp.*, 463

U.S. 239, 243 (1983).  "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."  *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).  Prison conditions cannot be inhumane, but they need not be comfortable.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1970).  "Conditions that might be deemed cruel and unusual if they were permanent features of a prisoner's life, may not offend the Constitution if they are imposed only temporarily."  *Cookish v. Commissioner, N.H. Dep't of Corr.*, 980 F.2d 721 (1st Cir. 1992).

      Plaintiff's allegations consist of various complaints about her experience in the jail, including her interactions with jail personnel, the management of her mail, her inability to take books from the legal library rather than use a tablet to access legal material electronically, the form in which her medication is dispensed, the process for requesting medical care, the time of day she has been awaken on occasion, and concern about the way the jail addressed the problem with the plumbing. Cruel and unusual punishment consists of the denial of "the minimal civilized measure of life's necessities" assessed based on "the contemporary standard of decency." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  None of Plaintiff's allegations constitutes a cruel and unusual punishment.  Plaintiff, therefore, has not alleged an actionable claim.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss the complaint.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of January, 2023.