UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KINLEY MACDONALD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 2:22-cv-00304-JAW |
| ) | |
| CUMBERLAND COUNTY SHERIFF, ) | |
| et al., ) | |
| ) | |
| Defendants ) | |

**ORDER ON REQUEST FOR RECUSAL**

Plaintiff seeks my recusal in this matter. (Motion, ECF No. 39.) After consideration of Plaintiff's motion, I deny Plaintiff's request.

### DISCUSSION

By law, a judge "shall disqualify himself [or herself] in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under 28 U.S.C. §§ 144 and 455, which govern recusal on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." *United States v. Kelly*, 712 F.2d 884, 889 (1st Cir. 1983) (citations omitted). "The proper test … is whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge [] or even necessarily in the mind of the litigant filing the motion …, but rather in the mind of

the reasonable [person]." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 983 (1st Cir. 1989) (quoting *United States v. Cowden*, 554 F.2d 257, 265 (1st Cir. 1976)).

In support of her request for recusal, Plaintiff contends I have issued decisions in other matters to which she is a party without properly reading and evaluating her claims.[1] While Plaintiff evidently disagrees with my assessment of some of her filings, my assessments were made after a review of Plaintiff's filings and the relevant law. To the extent Plaintiff contends the decisions reflect impartiality or bias, "the mere fact of an adverse ruling" is insufficient to establish bias. *See U.S. v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988) (citing *Kelly*, 712 F.2d at 890.) This principle is consistent with the First Circuit's observation that "there is a need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *F.D.I.C. v. Sweeney*, 136 F.R.D. 216, 220 (1st Cir. 1998) (citations and internal quotation marks omitted).

In evaluating Plaintiff's request for recusal, I am mindful that a "judge has a duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006). After a review of the record in this matter and the other matters to which Plaintiff is a party, I find no objective basis for recusal.

## CONCLUSION

Based on the foregoing analysis, I deny Plaintiff's request for my recusal.

---

[1] Plaintiff has commenced the following actions: *MacDonald v. Duddy*, No. 1:22-cv-00293-JAW, *MacDonald v. State of Maine*, No. 2:22-cv-00329-JAW, *MacDonald v. York County Sheriff*, No. 2:22-cv-00302-JAW, and *In Re Kinley MacDonald*, No. 2:22-cv-00336-JAW. I have issued orders in all the cases.

## **NOTICE**

     Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of October, 2023.