UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KINLEY MACDONALD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cv-00304-JAW |
| | ) | |
| CUMBERLAND COUNTY | ) | |
| SHERIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION**

On October 6, 2022, Kinley MacDonald, who was then a pretrial detainee at the Cumberland County Jail, filed a lawsuit against the Cumberland County Sheriff, Jane Does 1-3, and John Does 1-3. *Compl.* (ECF No. 1). Over the ensuing weeks, Ms. MacDonald amended her complaint nine times to add facts, claims and defendants. *Mot. to Amend Facts and Relief* (ECF No. 3); *Mot. to Amend Compl.* (ECF No. 8); *Mot. to Amend Compl.* (ECF No. 12); *Mot. to Amend Compl.* (ECF No. 13); *Mot. to Amend Facts* (ECF No. 15); *Mot. to Submit Decls.* (ECF No. 16); *Mot. to Accept Decls. Into Record* (ECF No. 24); *Mot. to Add to Facts* (ECF No. 25); *Mot. to Update Facts* (ECF No. 35). In her lawsuit, Ms. MacDonald seeks relief from various injustices she claims occurred while she was an inmate at the Cumberland County Jail.

On December 21, 2022, Ms. MacDonald filed an interlocutory appeal with the Court of Appeals for the First Circuit, appealing the Magistrate Judge's denial of one of her motions to appoint counsel. *Interlocutory Appeal* (ECF No. 22). During the pendency of this appeal, on January 3, 2023, the Magistrate Judge, after reviewing

Ms. MacDonald's allegations pursuant to 28 U.S.C. § 1915A,[1] recommended that the Court dismiss her complaint. *Recommended Decision After Review of Compl.* (ECF No. 33). Ms. MacDonald did not formally object to the recommended decision. Instead, on January 26, 2023, Ms. MacDonald filed a second interlocutory appeal with the Court of Appeals for the First Circuit, appealing the Magistrate Judge's recommended decision. *Interlocutory Appeal* (ECF No. 40). On August 15, 2023, the First Circuit dismissed both of Ms. MacDonald's appeals for lack of jurisdiction because no final judgment or appealable order existed. *J.* (ECF No. 55). With no appeal pending, the Court now reviews the Magistrate Judge's recommended decision.

Before turning to the substance of the recommended decision, the Court resolves two preliminary issues. The first is whether the Magistrate Judge had jurisdiction to issue the recommended decision during the pendency of Ms. MacDonald's first interlocutory appeal. "Ordinarily, docketing a notice of appeal ousts a district court of jurisdiction over the underlying case." *United States v. Mala*, 7 F.3d 1058, 1060 (1st Cir. 1993). However, "an interlocutory appeal that is brought without any colorable jurisdictional basis does not deprive the district court of jurisdiction over the underlying case." *Id.* at 1061. Here, there was no "colorable jurisdictional basis" for Ms. MacDonald's appeals "because neither involves a

---

[1]     28 U.S.C. § 1915A directs courts to "review, before docketing, if feasible or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or office or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute mandates dismissal of such a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

challenge to a final judgment or otherwise appealable order." *J.* (ECF No. 55); *see also Appleby v. Meachum*, 696 F.2d 145, 145-47 (1st Cir. 1983) (finding that orders denying the appointment of counsel are generally unreviewable on an interlocutory basis). Therefore, Ms. MacDonald's interlocutory appeal did not deprive the district court of jurisdiction over this case, and the Magistrate Judge properly issued the recommended decision.

The Court turns to the second preliminary issue, how to interpret Ms. MacDonald's interlocutory appeal of the Magistrate Judge's recommended decision. The Magistrate Judge's recommended decision provides that a "party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions . . . for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof." *Recommended Decision After Review of Compl.* at 4 (ECF No. 33). Although Ms. MacDonald did not object to the Magistrate Judge's recommended decision as instructed, it is possible that her interlocutory appeal of the recommended decision was actually an improper objection. Even so, the Court reviewed the entire record from both the district and appellate courts and found that Ms. MacDonald nowhere objected to specific portions of the recommended decision. Therefore, Ms. MacDonald did not comply with the objection procedures articulated in the recommended decision when she (i) filed an interlocutory appeal instead of an objection and (ii) failed to seek *de novo* review of any specific portions of the recommended decision. Nevertheless, the Court will treat Ms. MacDonald's

3

interlocutory appeal as an objection to the entirety of the recommended decision and conduct a complete *de novo* review.

Having resolved these preliminary matters, the Court turns to the merits of the Magistrate Judge's recommended decision. The Magistrate Judge recommended that Ms. MacDonald's complaint be dismissed because she "has not alleged an actionable claim." *Recommended Decision After Review of Compl.* at 3 (ECF No. 33). To state an actionable claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Determining whether a claim is plausible on its face, and thus actionable, is a "two-step analysis." *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015). "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)); *see also Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (stating that a court may "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements"). "Second, the court must determine whether the factual allegations are sufficient to support

'the reasonable inference that the defendant is liable for the misconduct alleged.'" *García-Catalán*, 734 F.3d at 103 (quoting *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)).

As the Magistrate Judge noted in the recommended decision, Ms. MacDonald is pro se, which affects how the Court must perform this two-step analysis. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, "dismissal of a pro se complaint is appropriate where a plaintiff merely states the formal elements of a claim 'without the requisite supporting facts.'" *Doyle v. Town of Falmouth*, No. 2:19-cv-00229-NT, 2019 U.S. Dist. LEXIS 183409, at *5 (D. Me. Oct. 23, 2019) (quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)). In other words, while pro se plaintiffs are held to a less stringent standard, they are nevertheless "required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

In reviewing Ms. MacDonald's complaint, as amended, the Court agrees with the Magistrate Judge that Ms. MacDonald has failed to allege any claims that are facially plausible and thus actionable. There are two reasons for this. First, some of Ms. MacDonald's allegations do not include sufficient factual background to be facially plausible. In Ms. MacDonald's second motion to amend her complaint, for example, she alleges that she was "repeatedly assaulted and threatened" by an officer

"while being escorted to Intake." *Mot. to Amend Compl.* at 44 (ECF No. 8).  To be sure, this is a serious allegation, but Ms. MacDonald does not provide any additional details about the incident in question.  She does not, for example, describe the types of threats she endured or the manner in which the corrections officer assaulted her.  Such threadbare allegations, even from a pro se litigant, cannot support an actionable claim.  *See Ferranti*, 618 F.2d at 890 (noting that pro se plaintiffs must still "plead basic facts sufficient to state a claim").

Second, the remainder of Ms. MacDonald's allegations do not state actionable claims.  Ms. MacDonald's complaint alleges a lengthy list of grievances against the staff at the Cumberland County Jail.  These relate to, among other things, the amount of light and noise in the jail, the denial of grievance forms, the manner in which Ms. MacDonald's medication was distributed, and the jail's protocols for solving plumbing problems.  For the reasons explained by the Magistrate Judge, such complaints do not rise to the level of a valid Eighth Amendment claim.

In conclusion, the Court reviewed and considered the Magistrate Judge's recommended decision, together with the entire record; the Court made a *de novo* determination of all matters adjudicated by the Magistrate Judge's recommended decision; and the Court concurs with the recommendations of the United States Magistrate Judge and for the reasons set forth in his recommended decision, dismisses Ms. MacDonald's complaint.[2]

---

[2]     The Court has included in its review Ms. MacDonald's last Motion to Update Facts, which was received after the issuance of the recommended decision.  *See Mot. to Update Facts* (ECF No. 35).  The Magistrate Judge found that the allegations therein "do not alter the recommendation to dismiss the matter."  *Order* (ECF No. 38).  The Court agrees.

1.      The Court therefore <u>ORDERS</u> that the Recommended Decision of the Magistrate Judge (ECF No. 33) be and hereby is <u>AFFIRMED</u>.

2.      The Court further <u>ORDERS</u> that Kinley MacDonald's Complaint (ECF No. 1) be and hereby is <u>DISMISSED</u>.

SO ORDERED.


<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of November, 2023